**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THOMAS ANDERSON et al., on
behalf of themselves and others
similarly situated ,

      Plaintiffs,

v.                                         Case No. 3:21-cv-1050-TJC-JRK

UNITED AIRLINES, INC., a
Delaware Corporation,

      Defendant.

## O R D E R

This case is before the Court on putative Class Action Plaintiff Anderson's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, filed at 6:52 p.m. on November 1, 2021. (Doc 13). The Motion does not include a proposed order, as required by Local Rules 6.01 and 6.02. It does not appear that either the Second Amended Complaint (See Doc. 12) or Motion is verified either by statement signed by a named plaintiff or an affidavit, in accord with Federal Rule of Civil Procedure 65(b)(1)(A), and Local Rule 6.01(a)(2) and (3). The Motion does not address the required security. FED. R. CIV. P. 65(c), Local Rule 6.01(a)(3).

The putative class in the Second Amended Complaint includes all United Airlines employees who "have and/or continue to be subjected to United's discriminatory, unlawful, and unconstitutional employment practices described in this complaint including the COVID-19 vaccine mandate; PCR testing; proof of vaccination or vaccine passports; and/or mask policies"—that is, all 67,000 United Airlines employees, including those vaccinated and unvaccinated, who may or may not be placed on temporary leave under United Airlines' vaccine mandate. (Doc. 9-1 ¶¶ 7, 211, 213). Anderson has not shown why the Court should proceed without notice to United Airlines. (Indeed, his service list includes Jones Day as counsel for United Airlines.) The Court will therefore convert the Motion for a Temporary Restraining Order and Preliminary Injunction to a Motion for Preliminary Injunction only.

Additionally, the Motion asks the Court to issue a temporary restraining order and preliminary injunction "against [non-parties] Pfizer, Inc., Johnson & Johnson Inc., and Moderna Inc. (together, 'manufacturers') as they are persons who are in active concert or participation with United and the Biden Administration; and asks the Court enjoin [sic] these manufacturers from further production and distribution of their COVID-19, gene therapy vaccines." (Doc. 13 at 2) (quotation marks omitted). A TRO or preliminary injunction may bind non-parties, but only if they "aid and abet the party bound by the injunction in carrying out prohibited acts," or are in "privity," meaning

2

"nonparty successors in interest and nonparties otherwise legally identified with the enjoined party." ADT LLC v. NorthStar Alarm Servs., LLC, 853 F.3d 1348, 1352 (11th Cir. 2017) (quotation marks omitted). Anderson has provided no support for arguing that the vaccine manufacturers are aiding and abetting United Airlines in its vaccine, testing, and mask requirements, nor that they are in privity with United Airlines. Vaccine manufacturers also cannot be joined as "indispensable parties" to Anderson's claims against United Airlines, as the Court is able to "accord complete relief" for the putative class's claims "among existing parties." FED. R. CIV. P. 19(a)(1)(A); Brown v. Azar, 497 F. Supp. 3d 1270, 1278 (N.D. Ga. 2020). Therefore, the Court will not consider claims against vaccine manufacturers Pfizer, Inc., Johnson & Johnson Inc., and Moderna Inc. at this stage.

Accordingly, it is hereby

**ORDERED:**

1. Anderson's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 13) is **DENIED** in part, to the extent that it requests a temporary restraining order, and to the extent that it moves for relief against Pfizer, Inc., Johnson & Johnson Inc., and Moderna Inc. It remains pending as to the request for a preliminary injunction against United Airlines.

2. Anderson shall forthwith serve by email and / or next day mail a copy of this **Order**, the **Motion for a Temporary Restraining Order and**

3

**Preliminary Injunction** (Doc. 13) and the **Second Amended Complaint** (see Endorsed Order at Docket Entry 12) on United Airlines, their attorneys, and any staff counsel who has been handling this matter. Counsel for Anderson shall promptly file a certificate to acknowledge this service.

3. No later than **November 8, 2021** at **5:00 p.m.**, Anderson shall file a proposed order as well as a memorandum of law containing citations to legal authority that support the requested preliminary injunction, a verification, and explanation of the amount and form of security, consistent with Local Rules 6.01 and 6.02, and forthwith serve it on United Airlines and its counsel.

4. United Airlines should respond to the Motion for Preliminary Injunction no later than **November 16, 2021** at **5:00 p.m.**, consistent with Local Rule 6.02(c). The Court will then determine whether to schedule the Motion for Preliminary Injunction for hearing.

5. Attorney(s) for United Airlines should forthwith file a notice of appearance.

**DONE AND ORDERED** in Jacksonville, Florida the 2nd day of November, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

agb
Copies:

Counsel of record

Jones Day, Counsel for United Airlines, Inc. (by email):
Alexander V. Maugeri
amaugeri@jonesday.com
Christopher Pace
crjpace@jonesday.com
Jordan M. Matthews
jmatthews@jonesday.com
Michelle Hogan
mhogan@jonesday.com